## Trigg Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Meehan, O'Brien & Richette,* for petitioner.

KLEIN, P. J., December 4, 1953.—This is a petition for the approval of an agreement of settlement and compromise of a death action and apportionment of the proceeds of said settlement and the allowance of payment of counsel fees.

Sandra Trigg, daughter of Thomas W. and Sandra Grace Trigg, died on December 10, 1952, at the age of eight years, apparently as a result of aplastic anemia due to the administration of chloromycetin, a drug manufactured and sold by Parke Davis and Company.

Thomas W. Trigg, the father, was appointed administrator of the daughter's estate and started suit, to recover damages arising from her death, in the United States District Court for the Eastern District of Pennsylvania, being civil action no. 15289 of 1953. This action was later compromised by the administrator and a decree was signed on November 23, 1953, by Hon. William H. Kirkpatrick, senior judge of the United States district court, awarding plaintiff, Thomas W. Trigg, administrator of the estate of Sandra Trigg, deceased, the sum of $25,000. The court, in approving the aforesaid settlement, allotted

$16,666 to the Survival Act claim and $8,334 to the wrongful death claim.

In the present proceedings we are asked to approve the compromise settlement which has already been approved by Judge Kirkpatrick.

In Pantazis v. Fidelity and Deposit Company of Maryland, 369 Pa. 221 (1952), which grew out of a trespass action in a death case, Mr. Justice Allen M. Stearne, speaking for a unanimous Supreme Court, said at page 226:

"As administratrix of her husband's estate, she lacked authority, as fiduciary, to release her deceased husband's estate. To do so required leave of the Orphans' Court, upon proper cause shown."

This decision unsettled the established practice with respect to the settlement of trespass actions in death cases and gave the bar a great deal of concern.

The writer of this opinion, in an article entitled "Some Suggested Legislative Changes",* said:

"The lawyers of our state have always regarded the provisions of Section 40 of the Fiduciaries Act of 1917 and Section 513 of the Fiduciaries Act of 1949 (which is a substantial reënactment of the earlier statute) as being permissive rather than mandatory. Prior to the Pantazis decision, I cannot recall a single instance when our court was requested to approve a compromise settlement in a death case.

"Although I can appreciate the wisdom of requiring approval by a court of record of such settlements in order to protect the Commonwealth, possible creditors and other parties in interest, I firmly believe that this jurisdiction should be vested in the Common Pleas, and not the Orphans' Court.

"Orphans' Court judges are, for the most part, unfamiliar with the practice in trespass cases, whereas

---

* Pennsylvania Bar Association Quarterly, October 1952, p. 16.

their brethren in the Common Pleas have a wide experience in such cases, as a result of which they are particularly well qualified to pass upon the propriety of proposed compromises in these matters."

In order to correct this troublesome situation the legislature enacted the Act of July 28, 1953, no. 198, which provides:

"Section 1. Whenever it is desired to compromise or settle an action in which damages are sought to be recovered on behalf of the estate of a decedent, *any court in which such action is pending and which has jurisdiction thereof* may, upon oral motion by plaintiff's counsel of record in such action or upon petition by the personal representative of such decedent, make an order approving such compromise or settlement. Such order may approve an agreement for the payment of counsel fees and other proper expenses incident to such action." (Italics supplied.)

It is clear beyond question that the United States District Court for the Eastern District of Pennsylvania had jurisdiction over the action for damages which was instituted in the present case and is a court within the contemplation of the provisions of the statute.

Section 2 of the act provides, further:

"The order of the court approving such compromise or settlement or an agreement for the payment of counsel fees and other expenses shall not be subject to collateral attack in the Orphans' Court in the settlement of the decedent's estate."

We are accordingly of opinion that the orphans' court is without jurisdiction to pass upon the propriety of the compromise which has been approved by Judge Kirkpatrick and that the decree of the United States District Court for the Eastern District of Pennsylvania is conclusive and binding upon us.

We therefore enter the following order:

And now, December 4, 1953, the court refuses to entertain jurisdiction of the within petition for the reasons set forth in this opinion.